IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELEANOR CATHERINE CLIFFORD,

                    Plaintiff,

     v.

MR. MICHAEL J. ASTRUE,

                    Defendant.

ORDER

10-cv-384-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Eleanor Catherine Clifford has filed a civil complaint against Michael Astrue, Commissioner of Social Security. Plaintiff seeks to commence this lawsuit without prepayment of the filing fees and costs or providing security therefor, pursuant to 28 U.S.C. § 1915. From the affidavit of indigency plaintiff has submitted, I find that she is unable to prepay the fees and costs of commencing this action or to give security therefor.

      Turning to the allegations in plaintiff's complaint, I note that she appears to be attempting to bring criminal charges against someone for actions taken by health care facilities. Only the United States Attorney can initiate criminal proceedings in this court. <u>Maine v. Taylor</u>, 477 U.S. 131, 136 (1986). Because plaintiff's allegations concern health care, it may be that she wants to challenge a decision made by defendant Michael Astrue, the Commissioner of Social Security. However, plaintiff has not alleged facts in her

complaint showing that this court has the authority to decide her case.

Under 42 U.S.C. § 405(g), this court has authority only to review a "final" decision of the Commissioner of Social Security denying a plaintiff's application for social security disability benefits. Under the social security rules, a decision denying social security benefits does not become final unless the claimant has completed all the steps of the administrative process, including filing a request for review with the Appeals Council. When the Appeals Council denies review, the decision of the commissioner becomes "final." At this point, an appeal to federal court is permissible. Plaintiff has not alleged in her complaint that she has completed all the steps of the administrative process and obtained a final decision from the commissioner.

Instead of dismissing the complaint on the ground that it fails to state a claim for which relief may be granted, I will give plaintiff an opportunity to submit more information that shows that she has obtained a final decision from the commissioner on an application for social security benefits. The easiest way for plaintiff to do this would be to submit a copy of the letter from the Appeals Council denying her request for review, which plaintiff should have received if she completed the administrative process.

ORDER

IT IS ORDERED that

1. Plaintiff's request to proceed in forma pauperis is GRANTED.

2. Plaintiff may have until August 3, 2010 to file information showing that she has obtained a final decision from the commissioner on an application for social security benefits. If plaintiff fails to submit this information by August 3, 2010, the court will dismiss her lawsuit.

Entered this 13th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge